# BARCLAY *v.* CARTER MEDICINE COMPANY.

TRADEMARKS; RES JUDICATA: SIMILARITY.

1. An adjudication of similarity on an opposed application for the registration of a technical trademark is conclusive in subsequent proceedings to register the same mark under the ten-years' clause of the trademark act.

2. A final adjudication of similarity, upon which a plea of *res judicata* may be predicated, occurs when the applicant's demurrer alleging that the opposer's mark is so dissimilar and distinctive on its face as to make confusion or deception impossible, is overruled, and the applicant subsequently obtains a default judgment awarding him priority in the adoption and use "of the trademark in issue." (Citing *Carter Medicine Co.* v. *Barclay,* 36 App. D. C. 123.)

3. Two marks. that of the applicant consisting of a rhombic figure bearing the words, "Reuter's Little Pills for the Liver," and surrounded by other words. and that of the opposer consisting of a square figure bearing the words, "Carter's Little Liver Pills," around which are placed words of much the same import and in the same arrangement as those in the applicant's mark,—would, if concurrently used, be likely to work such confusion and deception as to disentitle the applicant to the right of registration,. where the opposer is entitled to priority: and the fact that colors of the two marks are different does not affect the question, where no mention of color is made in the application.

No. 853. Patent Appeals. Submitted November 11, 1913. Decided December 1, 1913.

HEARING on an appeal by the applicants from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.  *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decision of the Commissioner of Patents sustaining the opposition of appellee, the Carter Medicine Company, to the registration of appellants' trademark.

The case has been here before (*Carter Medicine Co.* v. *Barclay,* 36 App. D. C. 123). In 1906 appellants filed application for the registration as a technical trademark of a rhombic figure with the words, "Reuter's Little Pills for the Liver," thereon, and above certain Spanish words, and at the right matter of a descriptive nature. Appellee seasonably interposed notice of opposition, based upon its alleged prior use of the trademark, "Carter's Little Liver Pills" with certain accessories. The applicants thereupon filed a demurrer in which, among other things, it was alleged that the opposer's mark showed on its·face that it was so dissimilar and distinctive from the mark of applicants "that confusion or mistake or deception by use of applicants' trademark would be impossible." The demurrer was overruled. Testimony was taken by both parties, but none was filed by the opposer, who did not appear at the final hearing. Thereupon judgment by default was entered against the opposer, the judgment reciting that "priority of adoption and use of the trademark in issue is awarded to Barclay & Barclay." This decision became final. Thereupon the Primary Examiner, for reasons stated in his decision, declined to register applicants' mark as a technical trademark, and this decision was sustained by the Commissioner. An amended application was thereupon filed eliminating the descriptive features of the mark, averring exclusive use for ten years prior to the trademark act of 1905, and praying registration under the ten-year clause of that act. Thereupon the appellee herein again filed a notice of opposition, and the Patent Office sustained applicants' plea of *res judicata.* On appeal to this court

the decision was reversed. When the case was again reached for hearing in the Patent Office, the opposer contended that the question of similarity of the marks was settled in the original proceeding. It appearing that opposer had used this mark during the ten-year period, the Examiner of Interferences sustained the opposition and declined to register applicants' mark. Upon appeal to the Commissioner, it was ruled that the question of similarity of the marks had been adjudicated in the prior proceedings. The Commissioner further stated, however, "that if the question of similarity were found to be still open, I should hold that the applicants' mark in this case does so nearly resemble that of the opposer that confusion would be likely to result. * * * The opposer's mark is so familiar as to scarcely need description. It consists of a square figure bearing the words, 'Carter's Little Liver Pills,' a large L in the lower left-hand corner of the square serving as the initial letter of both the words 'Little' and 'Liver.' Around this square are arranged words in substantially the same way and of much the same import as the words surrounding the rhombic figure in the applicants' mark. In view of the unlimited field open to these applicants in selecting a trademark, it is remarkable that they should have hit upon an arrangement of words and figures so similar to that of the opposer, and it seems more than likely that confusion would result from the concurrent use of the two marks."

*Mr. Julian C. Dowell, Mr. Arthur E. Dowell,* and *Mr. Chester A. Jayne* for the appellants.

*Mr. Arthur P. Greeley* and *Mr. Philip Carpenter* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We quite agree with appellants that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand,

and its effect as an estoppel in an action between the same parties upon a different claim or cause of action. In the latter case, the demand in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. ed. 195. The original proceeding before the Patent Office involved substantially the same marks now before us. Indeed, the matter subsequently eliminated from the applicants' mark tended rather to accentuate than diminish the similarity between the two. But the applicants were then asking registration as a technical trademark. Subsequently, the application was amended and registration under the ten-year clause was prayed. It was therefore a different proceeding, but it involved the same marks. Obviously, if the question of similarity was finally determined in the first proceeding, it was not open to readjudication in the second. It will be noted that applicants, in the original proceeding, filed a demurrer based in part upon the contention that the marks were dissimilar. This demurrer was overruled, and, the opposer having defaulted, judgment was rendered awarding priority of adoption and use "of the trademark in issue" to applicants. This decision became final. As pointed out in the prior decision of this court, the question of similarity was necessarily in issue in the original proceeding, for, in the absence of similarity, the opposer was without standing, and his petition would have been dismissed. Applicants were then quite willing to take a judgment of priority of adoption and use of *"the trademark in issue."* The expression "the trademark in issue" was necessarily based upon a finding of similarity. Indeed, when the second opposition was filed, applicants then filed a plea of *res judicata,* and actually obtained a decision in their favor in that proceeding. Of course, this plea was based upon the theory that, the marks being similar, the finding of priority in the first proceeding was final. We ruled that an opposition might lie under the ten-year clause that would not lie under an application for registration as a technical trademark. Thereafter, however, we do not think the question of similarity was

open.   The sole question then was whether applicants had been the exclusive users of the mark during the ten-year period, and, as the evidence was overwhelming against them on that point, the decision of the Commissioner was correct.

We fully agree with the Commissioner, however, that, both marks being applied to little liver pills, their concurrent use by the two parties "would be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers." Act of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1459).   Applicants' counsel have pointed out that the color of applicants' label is red, while the color of opposer's label is yellow.   But in the application for registration nothing is said about color.   There is nothing in that application to prevent a closer simulation of the opposer's mark, and, of course, in this proceeding, we must look to the application, and not to the mark as actually used.   It might be very material in a suit for unfair competition whether applicants employed a label of a distinctive color, but it is not material when we are passing upon an application for registration in which no mention of color is made.

*Decision affirmed.*